**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE BLAS MENDOZA-FUENTES,<br>Petitioner,<br><br>v.<br><br>WARDEN, et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1956 |

**MEMORANDUM OPINION**

Pending now before the court is a second Petition for Writ of Habeas Corpus (ECF No. 1) filed pro se by Jose Blas Mendoza-Fuentes ("Mendoza-Fuentes"). Warden, Moshannon, et.al. (collectively, "Respondents") filed a response in opposition (ECF No. 4). The petition is ripe for decision.

Mendoza-Fuentes has been detained since July 31, 2026 (ECF No. 4-1). In his first petition (Civ. No. 26-1525), Mendoza-Fuentes, a native and citizen of Honduras, asserted that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. In an opinion, order and judgment dated August 17, 2026, the court agreed that he was detained pursuant to § 1226(a); granted the petition in part; and ordered that he be given an individualized bond hearing (Civ. No. 26-1525, ECF Nos. 12, 13, 14).

On August 20, 2026, Mendoza-Fuentes had a bond hearing, as ordered by the court. The immigration judge denied bond on the basis that Mendoza-Fuentes was a flight risk (ECF No. 4-3). Mendoza-Fuentes did not argue that the bond hearing was fundamentally unfair.

Another bond hearing was held on September 24, 2026, at the request of Mendoza-Fuentes. The immigration judge again denied bond, noting that he has no immediate family in the United States and did not know the name of his employer from the time he entered the country 14 years ago until he opened his own company 3 years ago (ECF No. 4-8).

In this second petition, Mendoza-Fuentes argues his continued detention is unconstitutional. He has been detained, in total, for approximately 3 months. In that time, he has had 2 bond hearings. The second petition does not acknowledge the court's decision with respect to his first petition or the individualized bond hearings that were held. In particular, Mendoza-Fuentes continues to argue that he is detained under § 1226(a), rather than § 1225(b)(2). That issue was resolved – in favor of Mendoza-Fuentes – in his first petition, and he received the individualized bond hearing to which he was entitled.

The length of Mendoza-Fuentes' detention since the most recent individualized bond hearing is only 1 month. In essence, Mendoza-Fuentes is asking this court to improperly reconsider the discretionary decision of the immigration judge. As the court summarized in *Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023 (W.D. Pa. June 3, 2026):

> In *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a request from a petitioner being held in discretionary detention under § 1226(a). The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration. *Id.* at 276. The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* at 279. The court explained: "Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.*

*Id.* at *1. Given the short duration of Mendoza-Fuentes' overall period of detention (approximately 4 months), and the fact that he has had two individualized bond hearings before an immigration judge, the court cannot conclude that his continued detention is unconstitutional.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1) will be DENIED.

An appropriate Order will be entered.

Dated: October 29, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge